UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA
CIVIL DIVISION

| | | |
|---|---|---|
| Eric Antrum | * | Civ. Action No. |
| 604 Bonnie Meadow Lane | * | |
| Ft. Wash., MD 29744 | * | Jury Trial Demanded |
| | * | |
| Plaintiff, | * | |
| | * | |
| -against- | * | |
| | * | |
| Washington Metropolitan Area | * | |
| Transit Authority | * | |
| 600 Fifth St., NW | * | |
| Wash., D.C. 20001 | * | |
| | * | |
| Defendant. | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

COMPLAINT

Plaintiff Eric Antrum, by counsel, complains of the Defendant as follows:

JURISDICTION AND VENUE

1. The Court has federal question jurisdiction. This action was filed within 90 days after Plaintiff received his notice of right to sue letter from the EEOC.

2. Venue is proper because Defendant employs Plaintiff in the District of Columbia and the unlawful acts alleged herein took place in the District of Columbia.

NATURE OF ACTION

3. This lawsuit arises from a charge of race and retaliation discrimination filed by Plaintiff and an EEOC investigation and Determination.

4. The EEOC Determination made a finding that, "the evidence establishes reasonable cause to believe that Respondent has committed multiple violations of Title VII [in that] Respondent failed to grant Charging Party a Black male assigned a Special Police Office position, a reasonable term and condition of employment; specifically, permitting him to wear facial hair after he established he is afflicted with PFB. Further, I have determined that the investigative

record also reflects that Respondent is administering an overly-bureaucratic policy that is subjecting a class of other similarly situated Black males with PFB to policies and practices which in essence result in a no-beard policy that has a significant negative adverse impact on Black males with PFB. Moreover, I find that Respondent retaliated against Charging Party for his past participation in activity protected by laws enforced by EEOC through adverse employment evaluations, discipline, suspension and other term and condition of employment." A copy of the EEOC Determination is attached and incorporated herein by reference.

## THE PARTIES

5. Plaintiff Eric Antrum resides at 604 Bonnie Meadow Lane, Ft. Wash., MD 20744, is Black, is African American, is male, and suffers from Pseudofolliculitis Barbae ("PFB"), a medical condition that afflicts Black males and causes severe ingrown facial hair and pain if they shave.

6. On information and belief, defendant Washington Metropolitan Area Transit Authority is a public corporation that has its offices at 600 Fifth St., NW, Wash., D.C. and employs more than 15 people.

## FACTS

7. Plaintiff is and has been employed by Defendant since 2001.

8. Defendant has a no beard policy.

9. Plaintiff and other Black males who suffer from PFB requested that they be permitted to wear a beard because of their medical condition but Defendant declined.

10. Plaintiff and other Black males have been subjected to a continuing violation of their rights.

11. Defendant had no compelling need for a no-beard policy or practice and its decision has no manifest relationship to the job or business necessity.

12. Defendant has operated under a general policy of intentional racial discrimination against Black males.

13. EEOC found that Defendant's no beard policy has a significant negative impact on Plaintiff and other Black males with PFB.

14. Plaintiff engaged in protected activities by, among other things, requesting to maintain his facial hair as a result of his medical condition and then complaining and opposing what he believed to be unlawful behavior and by filing complaints of discrimination with EEOC.

15. Defendant retaliated against Plaintiff because he requested the right to wear a beard related to his medical condition by subjecting him to disparate treatment, hostile work environment, and unwarranted disciplinary actions.

16. Defendant retaliated against Plaintiff because he complained about and opposed what he believed to be unlawful behavior and filed a complaint of discrimination with EEOC by subjecting him to disparate treatment, hostile work environment, and unwarranted disciplinary actions.

17. Defendant has engaged in a pattern or practice of employment discrimination against Black males by forcing them to shave or be terminated from their job and the discrimination is and has been a continuing violation.

18. Defendant acted with malice and in bad faith and in reckless disregard of Plaintiff's civil rights.

19. Defendant intentionally discriminated against Plaintiff and similarly situated Black male employees on the basis of their race and color.

20. Plaintiff has sustained damages as a result of Defendant's unlawful acts consisting of lost pay, lost benefits, front pay, emotional distress, mental anguish, pain and suffering, and inconvenience.

## COUNT 1

21. Plaintiff repeats and realleges the allegations contained in paragraphs 1-20 as if more fully set forth herein.

22. By and through its conduct, Defendant violated Title VII of the Civil Rights Act of 1964, as

amended, by discriminating against Plaintiff because he opposed and filed the charge of discrimination complaining about what he in reasonable good faith believed to have been unlawful employment discrimination.

23. Plaintiff demands a trial by jury.

## COUNT 2

24. Plaintiff repeats and realleges the allegations contained in paragraphs 1-20 as if more fully set forth herein.

25. By and through its conduct, Defendant violated the DC Human Rights Act by discriminating against Plaintiff because he opposed and filed the charge of discrimination complaining about what he in reasonable good faith believed to have been unlawful employment discrimination.

26. Plaintiff demands a trial by jury.

## COUNT 3

27. Plaintiff repeats and realleges the allegations contained in paragraphs 1-20 as if more fully set forth herein.

28. By and through its conduct, Defendant violated Title VII of the Civil Rights Act of 1964, as amended, by discriminating against Plaintiff on the basis of his race and color.

29. Plaintiff demands a trial by jury.

## COUNT 4

30. Plaintiff repeats and realleges the allegations contained in paragraphs 1-20 as if more fully set forth herein.

31. By and through its conduct, Defendant violated the DC Human Rights Act by discriminating against Plaintiff on the basis of his race and color.

32. Plaintiff demands a trial by jury.

## COUNT 5

33. Plaintiff repeats and realleges the allegations contained in paragraphs 1-20 as if more fully set

forth herein.

34. By and through its conduct, Defendant violated 42 USC Section 1981 by intentionally discriminating against Plaintiff on the basis of his race and color.

35. Plaintiff demands a trial by jury.

## COUNT 6

36. Plaintiff repeats and realleges the allegations contained in paragraphs 1-20 as if more fully set forth herein.

37. By and through its conduct, Defendant violated 42 USC Section 1981 by retaliating against Plaintiff because he opposed and complained about what he believed to be intentional discrimination on the basis of his race and color.

38. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff demands judgment on Counts 1-6 and damages in the amount of $300,000, or such other amount as the jury determines should be awarded, consisting of back-pay, front-pay, lost benefits, compensatory damages for emotional distress, pain and suffering, inconvenience, mental anguish, punitive damages, reasonable attorney's fees, a declaration that the acts of Defendant that gave rise to this suit were unlawful and should be enjoined, and such other relief as the Court deems just and fair.

## DEMAND FOR A JURY TRIAL

Plaintiff demands a trial by jury on all counts.

Date:   February 4, 2008

Alan Lescht & Associates, P.C.

By: _____
Alan Lescht

D.C. Bar No. 441691
1050 17th Street, N.W. Suite 220
Washington, D.C. 20036
(202) 463-6036
Attorneys for Plaintiff



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Baltimore Field Office**

City Crescent Building
10 South Howard St, 3rd Floor
Baltimore, MD 21201
(Charge Status/Pending Business) 1-866-408-8075
(General Info/New Charge Filing) 1-800-669-4000
TTY (410) 962-6065
FAX (410) 962-4270

EEOC Charge No. 100-2005-01525C

Eric Antrum                                                                 Charging Party
604 Bonnie Meadow Lane
Fort Washington, MD 20744


Washington Metropolitan Area Transit Authority        Respondent
(WMATA)
600 Fifth 5th Street, NW
Washington, DC 20001

## DETERMINATION

Under the authority vested in me by the Commission, I issue the following determination as to the merits of the subject charge. All requirements for coverage have been met.

Charging Party alleged that he was subjected to unequal terms and conditions of employment, because of his race, Black; disciplined and suspended, in retaliation for his participation in protected activity; and sexually harassed because of his sex, male, in violation of Title VII, Unlawful Employment Practices, Sections 703 and 704(a) of the Civil Right Act of 1964, as amended.

Respondent denied Charging Party's allegations of discrimination. It asserts that Charging Party was disciplined and suspended in accordance with its no-beard policy because of Charging Party's non-compliance with General Orders on personal appearance.

Evidence shows that Charging Party presented respondent medical documentation on May 17, 2005 from a personal physician concerning his medical condition of Pseudofolliculitis Barbae (PFB).

Respondent's General Orders permits an employee, to verify a condition of PFB, by submitting documentation from a dermatologist. Respondent's Verification Form for PFB permits an employee the option of providing documentation from either a personal physician or a dermatologist. Notwithstanding, Respondent maintained that CP must verify his condition with documentation from a dermatologist. Prior to Charging Party's verification of his PFB condition from a dermatologist he was subjected to negative comments on his 2005 performance evaluation and suspended one day for failing to comply with an Order on Personal Appearance with respect to facial growth. After Charging Party submitted documentation from a dermatologist on September 12, 2006 of his medical condition of PFB his superiors continued to

EEOC Charge No.: 100-2006-00302
Page 2

require him to shave his beard because they had not received a PFB Verification Form from Respondent's Office of Medical Services and Compliance.

The investigative record reflects that Respondent failed to grant Charging Party, a reasonable term and condition of employment for facial hair, despite the fact he had submitted medical verification of PFB. The inconsistency revealed between Respondent's General Orders on PFB and the PFB Verification document and how it was administered establishes that Respondent is enforcing an overly-bureaucratic no-beard policy and practice that has a significant negative impact on Charging Party and other Black males with PFB. In addition, the record shows the Charging Party was subjected to at least three disciplinary actions that were retaliatory and directly related to his medical condition and request to maintain facial hair and his charge.

It is well established that employment policies or practices of a no-beard or facial hair results in a significant statistical impact based on race against Black males afflicted with PFB. While the burden of a narrow exception for Black males with PFB is minimal the investigation shows the Respondent maintained a no beard policy or practice, but failed to assert or provide any compelling need for a no-beard policy that was enforce against Charging Party and apparently other similarly afflicted Black males with PFB. Further, the analysis of the record shows Respondent did not offer or present any evidence suggesting that its current policy and practices are without any workable alternatives or that it has a manifest relationship to job relatedness or business necessity.

Accordingly, based on an analysis of the evidence obtained during the investigation of this matter, I have determined that the evidence establishes reasonable cause to believe that Respondent has committed multiple violations of Title VII. I find that Respondent failed to grant Charging Party a Black male assigned a Special Police Officer position, a reasonable term and condition of employment; specifically, permitting him to wear facial hair after he established he is afflicted with PFB. Further, I have determined that the investigative record also reflects that Respondent's is administering an overly-bureaucratic policy that is subjecting a class of other similarly situated Black males with PFB to policies and practices which in essence result in a no-beard policy that has a significant negative adverse impact on Black males with PFB. Moreover, I find that Respondent retaliated against Charging Party for his past participation in activity protected by laws enforced by EEOC through adverse employment evaluations, discipline, suspension and other term and condition of employment.

As to any other allegation charged, the EEOC is unable to conclude that the information obtained during the investigation establishes a violation of the statute.

This determination is final. This determination does not conclude the processing of this charge. The Commission will begin conciliation efforts to resolve all matters where there is reason to believe a violation has occurred.

Upon finding that there is reason to believe that violations have occurred, the Commission attempts to eliminate the alleged unlawful practices by informal methods of conciliation.

EEOC Charge No.: 100-2006-00302
Page 3

Therefore, the Commission now invites the parties to join with it in reaching a just resolution to this matter. In this regard, conciliation of this matter has now begun. Please be advised that upon receipt of this finding, any reasonable offer to resolve this matter will be considered. The Commission is seeking an amount inclusive of the applicable cap to your organization for compensatory and/or punitive damage; and actual monetary costs incurred by the Charging Party and other aggrieved individuals, if any. A Commission representative will prepare and monitor an actual dollar amount to include accruing wage losses and attendant benefits, with interest to date, any appropriate front pay; and, if appropriate, private attorney fees and cost which have accrued to date. Again, the Commission is postured to consider any reasonable offer during this period. If any offer has not been previously submitted, Respondent is requested to accept, reject or submit a counteroffer to the enclosed conciliation agreement concerning Charging Party and any additional aggrieved individuals and do so within ten (10) days of the receipt of this letter.

The Confidentiality provisions of Title VII and the Commission regulations apply to information obtained during the conciliation.

If the Respondent declines to discuss settlement or when, for other reasons, a settlement acceptable to the office director is not obtained, the director will inform the parties and advise them of the Department of Justice and court enforcement alternatives available to the aggrieved persons and the Commission

ON BEHALF OF THE COMMISSION:

AUG 1 6 2007

Date

Gerald S. Kiel
Director

cc:
Bruce P. Heppen
Acting Director, Office of Civil Rights
WMATA
600 Fifth Street, NW
Washington, DC 20001

08-203
JDB

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

### I (a) PLAINTIFFS
Eric Antrum, 604 Bonnie Meadow Lane, Ft. Wash., MD 20744

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF   Prince George's
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Alan Lescht
Alan Lescht & Associates, P.C.
1050 17th St., N.W. Suite 220
Washington, D.C. 20036
(202) 463-6036

### DEFENDANTS
Washington Metropolitan Area Transit Authority, 600 Fifth St., NW, Wash., DC 20001

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

Case: 1:08-cv-00203
Assigned To : Bates, John D.
Assign. Date : 2/5/2008
Description: Employ. Discrim.

JURY ACTION

### II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff
⦿ 3 Federal Question (U.S. Government Not a Party)
○ 2 U.S. Government Defendant
○ 4 Diversity (Indicate Citizenship of Parties in item III)

### III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

○ **A.** *Antitrust*

☐ 410 Antitrust

○ **B.** *Personal Injury/Malpractice*

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

○ **C.** *Administrative Agency Review*

☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

○ **D.** *Temporary Restraining Order/Preliminary Injunction*

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

○ **E.** *General Civil (Other)*   OR   ○ **F.** *Pro Se General Civil*

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

①

| ○ G. *Habeas Corpus/ 2255* | ⊗ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☒ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
- ⦿ 1 Original Proceeding
- ○ 2 Removed from State Court
- ○ 3 Remanded from Appellate Court
- ○ 4 Reinstated or Reopened
- ○ 5 Transferred from another district (specify)
- ○ 6 Multi district Litigation
- ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
Employment Discrimination violations under Title VII, 42 USC 1981

**VII. REQUESTED IN COMPLAINT**  CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 ☐   DEMAND $ 300,000   Check YES only if demanded in complaint
JURY DEMAND:   YES ☒   NO ☐

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   YES ☐   NO ☒   If yes, please complete related case form.

DATE February 5, 2008   SIGNATURE OF ATTORNEY OF RECORD [signature]

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The **JS-44** civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.