UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ERIC ANTRUM<br>604 Bonnie Meadow Lane<br>Fort. Washington, Maryland 20744<br><br>　　　Plaintiff<br><br>　　　v.<br>WASHINGTON METROPOLITAN<br>AREA TRANSIT AUTHORITY<br>600 Fifth St., N.W.<br>Washington, D.C. 20001<br><br>　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)　No. 08-0203(JDB)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## ANSWER

Defendant Washington Metropolitan Area Transit Authority ("WMATA") by counsel, for its Answer states as follows:

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

In answer to the numbered paragraphs of the Complaint, WMATA states:

　　　1.　　WMATA admits that federal question jurisdiction exists under Title VII of the Civil Rights Act of 1964, as amended, 29 U.S.C. §§ 2000e *et seq.*  WMATA lacks sufficient knowledge, information or belief as to when Plaintiff received his Right to Sue letter, and on that basis denies said allegation.

　　　2.　　WMATA admits that venue is proper in this Court.

　　　3.　　Paragraph 3 is a characterization of this action and requires no answer.

To the extent an answer is required, WMATA denies that it discriminated against plaintiff.

4,   WMATA admits that the EEOC made a finding, and alleges that said finding is the best evidence of its contents and requires no answer.  Except as expressly admitted WMATA denies that it discriminated against plaintiff in any respect or that the EEOC finding is a final determination of any alleged discrimination.

5,   WMATA admits that Pseudofolliculitis Barbae ("PFB") is a medical condition that affects males.  WMATA lacks sufficient knowledge, information or belief as to the remainder of the allegations of paragraph 5 to form an answer and on that basis denies said allegations.

6.   WMATA admits that it is a governmental agency created by interstate compact among Virginia, Maryland and the District of Columbia and approved by Congress in Pub. L. No. 89-774, 80 Stat. 1324 (1966).  WMATA further admits that its headquarters are in the District of Columbia at 600 Fifth St., N.W. and that it employs over 15 people.   Except as expressly admitted, WMATA denies the allegations of paragraph 6 of the Complaint.

7.   Denied.  WMATA admits that plaintiff has been employed by WMATA since 2003.

8.   Denied.

9.   WMATA admits that plaintiff has requested to wear a beard.  Except as expressly admitted, WMATA denies the remaining allegations of paragraph 9.

10.   Denied.

11.   Denied.  WMATA specifically denies that it has a "no beard" policy.

12. Denied.

13. WMATA states that the EEOC's finding is the best evidence of its contents and requires no answer. WMATA denies the remaining allegations of paragraph 13.

14. WMATA admits that plaintiff complained about his right to wear a beard and that he filed a complaint of discrimination with the EEOC. Except as expressly admitted, WMATA denies the remainder of the allegations of paragraph 14 of the Complaint.

15. Denied.

16. Denied.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

21, WMATA incorporates by reference paragraphs 1-20 above in response to paragraph 21.

22. Denied.

23. Plaintiff's jury demand requires no answer. To the extent an answer is required, WMATA denies that plaintiff is entitled to a jury to the extent his claims sound in adverse impact, for which no jury is permitted.

24. -26. These paragraphs have been dismissed by the Court and require no answer.

27. WMATA incorporates by reference paragraphs 1-25 above in answer to

paragraph 26.

28.   Denied.

29.   Plaintiff's jury demand requires no answer.  To the extent an answer is required, WMATA denies that plaintiff is entitled to a jury to the extent his claims sound in adverse impact, for which no jury is permitted.

30.-38.   These claims have been dismissed by the Court and require no answer.

The prayer for relief requires no answer.  To the extent an answer is required, WMATA denies that it has discriminated against plaintiff or that plaintiff has been harmed in any respect.

### THIRD DEFENSE

Plaintiff has failed to take reasonable steps to comply with WMATA's reasonable, race-neutral policies, has failed to mitigate his damages, and any harm caused to plaintiff is not the result of WMATA's conduct or policy.

### FOURTH DEFENSE

WMATA is immune from punitive damages.

### FIFTH DEFENSE

WMATA has legitimate, nondiscriminatory business reasons for its policies concerning personal appearance.

### SIXTH DEFENSE

Plaintiff has failed to articulate any alternative policy that will achieve the same legitimate business objective as WMATA's policies with less disparate impact.

### SEVENTH DEFENSE

To the extent plaintiff's claims sound in disparate impact or that WMATA can

show a mixed motive, if any for its alleged discriminatory policies, he is not entitled to a trial by jury.

## EIGHTH DEFENSE

If discovery provides a basis therefore, plaintiff has failed to exhaust administrative remedies.

## NINTH DEFENSE

If discovery provides a basis therefore, plaintiff's claims are barred by the statute of limitations.

WHEREFORE, WMATA prays that plaintiff take nothing by his Complaint, and costs be awarded in favor of WMATA.

Respectfully submitted,

WASHINGTON METROPOLITAN
AREA TRANSIT AUTHORITY

Carol B. O'Keeffe #445277
General Counsel

_____/s/_____
Mark F. Sullivan #430876
Deputy General Counsel

_____/s/_____
David J. Shaffer #413484
Assistant General Counsel
WMATA
600 Fifth St., N.W.
Washington, D.C. 20001
(202) 962-2820
Dshaffer@wmata.co
Attorneys for Defendant WMATA